828 So.2d 825 (2002)
Cedric KING a/k/a Cedric Lamar King, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00897-COA.
Court of Appeals of Mississippi.
February 26, 2002.
Rehearing Denied May 14, 2002.
Certiorari Denied October 10, 2002.
*826 Cedric King, Pro Se.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and CHANDLER, JJ.
SOUTHWICK, P.J., For The Court.
¶ 1.Cedric King pled guilty to charges of armed robbery and possession of cocaine. Subsequently King filed a motion for post-conviction relief alleging that his guilty plea was not voluntarily given, that he received ineffective assistance of counsel, and that his sentence was excessive. The circuit court denied relief. We affirm.

STATEMENT OF THE FACTS
¶ 2. On April 29, 1997, King pled guilty to the charges of armed robbery and possession of cocaine in the Circuit Court of Montgomery County. King was sentenced to a twenty-five year sentence with nine years suspended on the armed robbery count. King was also sentenced to three years for the possession of cocaine, a sentence that was to run concurrently with the armed robbery charge. On April 19, 2000, King filed a motion for post-conviction relief. Without granting a hearing, the court denied the motion. King's appeal from that judgment has been deflected here.

DISCUSSION
I. Voluntariness of Plea
¶ 3. King's first assertion of error is that prior to his guilty plea he had not been advised of his right against self-in-crimination. We look at whether the record supports the claim.
¶ 4. The transcript of the guilty plea hearing reveals that he was informed that his plea would waive his constitutional right to a jury trial. The court informed him that at a trial, he would have the right either to testify or not, a choice that was solely his to make. Both King and his attorney stated that King, prior to signing, had read the petition in which he informed the court that he wished to enter a guilty plea. In that petition it was explained that the option was solely his to exercise on whether to testify. Finally, both in the petition and orally by the court, King was informed that the jury would be instructed not to consider a refusal to testify as evidence against him. King informed the court that he had discussed these and his other rights with his counsel and understood them.
¶ 5. The allegation that he pled guilty without knowing that he could refuse to incriminate himself has no factual basis.
II. Effectiveness of Counsel
¶ 6. King claims that his counsel was ineffective. As part of his motion for relief, King alleged that his counsel had failed to subpoena a critical witness, had not sought discovery, misled King as to the trial date which caused him to be unprepared when the trial day arrived, and misstated that he would be eligible for parole in three years, when ten years was the required period to serve. The only evidence of any of this was in King's own pleadings.
¶ 7. For post-conviction relief, an inmate does not provide sufficient factual support for a claim of ineffective assistance of counsel by offering only his own affidavit. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). The dissatisfaction with counsel was not expressed at the guilty *827 plea itself, as then King answered in the affirmative the question of whether he was satisfied with his counsel's representation. Moreover, there was a description of the sentence that would be recommended. The court then informed King that no guarantees could be given as to "any early release, probation or parole, and you might have to serve the whole sentence."
¶ 8. For a claim of ineffective assistance of counsel to warrant an evidentiary hearing, sufficient questions of fact must be raised. Walker v. State, 703 So.2d 266, 268 (Miss.1997). King offered no affidavit other than his own that his counsel was ineffective.
¶ 9. Allegations in an affidavit for post-conviction relief that are inconsistent with "sworn testimony before the trial court at the time he entered his guilty plea," do not justify the conducting of a hearing. Taylor v. State, 682 So.2d 359, 364 (Miss.1996). The transcript reveals that King was advised of the minimum and maximum sentences for both charges. The trial judge questioned King on his understanding of the rights that King would be waiving by entering a guilty plea. King had a clear opportunity to seek clarification if in fact any of the facts that he now alleges actually existed at the time of the plea.
III. Sentence issues
¶ 10. King's last assertion of error is that his sentence was excessive and unfair punishment. The length of a sentence is largely at the discretion of the trial court. There is little for an appellate court to review if the sentence is within the statutory limits. Reed v. State, 536 So.2d 1336, 1339 (Miss.1988). The court accepted the State's recommendation as to the armed robbery charge, sentencing King to twenty-five years imprisonment, though nine years were suspended. On the possession charge King was sentenced to a term of three years to run concurrently with the other sentence. Both sentences complied with the relevant statutes. Miss.Code Ann. § 97-3-79 (Rev.2000).
¶ 11. We find no error in the trial court's denial of King's request for relief.
¶ 12. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS ARE ASSESSED TO MONTGOMERY COUNTY.
McMILLIN. C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.