818 So.2d 352 (2002)
Raymond Joseph GREER a/k/a Raymond Joseph Greer, Sr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01388-COA.
Court of Appeals of Mississippi.
February 26, 2002.
Rehearing Denied June 4, 2002.
*354 Robert H. Koon, Gulfport, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and CHANDLER, JJ.
LEE, J., for the Court.
¶ 1. Raymond Joseph Greer, Sr. was convicted of capital rape of S.S., and he was sentenced to serve a term of life imprisonment in the Mississippi Department of Corrections. Feeling aggrieved, Greer has filed a timely appeal and presents the following issues: (1) whether the trial judge erred when he denied Greer's motion to suppress, (2) whether the trial judge erred when he denied Greer's jury instruction D-2, (3) whether Greer received ineffective assistance of counsel, and (4) whether the verdict was against the overwhelming weight of the evidence. We find that these issues are without merit, and affirm the verdict of the trial court.

FACTS
¶ 2. S.S. asserted that beginning when she was thirteen years old Greer had sexual intercourse with her. S.S. contended that, thereafter, she and Greer engaged in sexual intercourse on numerous occasions *355 over an approximately three year period. Testimony established that Greer was approximately thirty at the time the sexual intercourse occurred between him and S.S.
¶ 3. S.S. and her mother went to the Hancock County Sheriffs Department and informed investigators of the alleged crime. Thereafter, Greer was telephoned and instructed to come to the sheriff's department.
¶ 4. While at the sheriff's department, Greer confessed to having sexual intercourse with S.S. While his recollection of the sexual encounters between him and S.S. were somewhat different than hers, as far as places and times, Greer stated that he and S.S. had had intercourse at least fifteen times.
¶ 5. Thereafter, Greer filed motions to suppress his confession. Each motion was denied by the trial judge. Subsequently, Greer was found guilty of capital rape and sentenced to serve a term of life imprisonment in the Mississippi Department of Corrections.

DISCUSSION

I. WHETHER THE TRIAL JUDGE ERRED WHEN HE DENIED GREER'S MOTION TO SUPPRESS.
¶ 6. Prior to trial, Greer filed a motion to suppress which sought to have his confession taken by the investigators of the Hancock County Sheriffs Department ruled inadmissible at trial. Greer initially asserted that the motion to suppress should be granted because the evidence was obtained without a valid arrest warrant. Greer argued that the suppression of the statement was warranted because he was arrested pursuant to an arrest warrant that was signed a day before the affidavit of probable cause. The trial court denied the motion. On the day of trial, Greer presented additional argument in an attempt to have his taped confession suppressed.
¶ 7. Greer argued that he had given the statement pursuant to promises from the investigator taking the statement. For the purposes of this appeal, Greer primarily focuses on his claim that he was offered promises in return for his confession.
¶ 8. The standard of review regarding a trial judge's ruling at a suppression hearing is whether substantial credible evidence was present to support the trial judge's finding when evaluating the totality of the circumstances. Price v. State, 752 So.2d 1070, 1073(¶ 9) (Miss.Ct.App. 1999).
¶ 9. Usually, a confession must be voluntary and not the result of promises, threats, or inducements to be deemed admissible. Mixon v. State, 794 So.2d 1007, 1009(¶ 4) (Miss.2001). "The test in such cases is whether the inducement is of a nature calculated under the circumstances to induce a confession irrespective of its truth or falsity." Taylor v. State, 789 So.2d 787, 795(¶ 34) (Miss.2001). It is the prosecution's burden to prove beyond a reasonable doubt that the confession was voluntary. Mixon, 794 So.2d at (¶ 4). The prosecution meets this burden by presenting testimony from an officer or other person having knowledge of the facts, who states that the confession was made voluntarily without threats, coercion, or offer of reward. Id.
¶ 10. This Court only has a limited review when determining if a confession is voluntary. Id. at 1010(¶ 5). The trial judge sits as finder of fact when he or she determines the voluntariness, and this Court will not overturn the trial judge's decision unless manifestly wrong. Id.
¶ 11. Greer gave one recorded statement to an investigator with the Hancock *356 County Sheriff's Department in which he confessed to having sexual intercourse with S.S. on numerous occasions. Greer contends that there were approximately forty-four minutes prior to the tape that were unaccounted for and he asserts that during this time he was instructed by an investigator regarding what to say. Additionally, Greer argues that promises regarding leniency were made to him prior to the tape of his statement being made. Furthermore, Greer asserts that there are inconsistencies in his story and S.S.'s story which could only be explained by him forgetting what he had been told to say. We first note that any discrepancies in Greer's and S.S.'s version of events regarding their sexual relations is not relevant to the issue of the suppression of his statement and is to be weighed by the jury. Temple v. State, 498 So.2d 379, 382 (Miss.1986).
¶ 12. The Mississippi Supreme Court has been faced with a similar argument regarding the inducement of a confession by promises in Layne v. State, 542 So.2d 237, 239 (Miss.1989). Layne argued that the trial court erred when it failed to grant his motion to suppress a written statement to a police officer, because it was given pursuant to promises of leniency from a police officer. In particular, a police officer had said that if Layne "were to be cooperative with the investigation, the district attorney would be informed of this fact." Id. The Mississippi Supreme Court was troubled by the officer's statement. Id. at 240. Nevertheless, the Mississippi Supreme Court reviewed case law from other jurisdictions which had been faced with the same situation and held that if a statement such as one given to Layne regarding his cooperation were made without any other coercive psychological tactics it does not form an implied promise of leniency. Id. The Mississippi Supreme Court determined there was no evidence of further coercive psychological tactics, or that the "promise to tell the district attorney" was a proximate cause of Layne's confession; therefore, the statement was voluntary and admissible. Id.
¶ 13. The State presented testimony from the investigating officer who obtained the statement from Greer. The investigator explained that a portion of the forty-four minute delay was caused by the fact that it took him about twenty-five to thirty minutes to find a voluntary statement form. The testimony of the investigator and the transcript of the taped statement show that Greer was administered his Miranda rights prior to making the confession. In fact, Greer's Miranda rights were reviewed in great detail by the investigator with Greer. Additionally, the record does not contain any evidence to substantiate the assertion that Greer was coached by an investigator with the sheriff's department.
¶ 14. The following excerpt is a relevant portion of Greer's taped statement taken by Investigator Strong regarding Greer's assertion of a promise of leniency:
STRONG: Has anyone gave offered or promised you anything whatsoever to give, to make known the facts in this statement?
GREER: No sir
STRONG: What does that mean? Did anybody give you anything?
GREER: No
STRONG: Offer you anything?
GREER: No
STRONG: Did anybody tell you that you was going to get probation if you gave this statement?
GREER: No, no sir
STRONG: Did anybody tell you that you wasn't going to go to the penitentiary?
GREER: No sir

*357 STRONG: What did I tell you, that you was going go to the Penitentiary
GREER: That I was going, sure did
STRONG: That's correct, has anybody promised you anything?
GREER: No sir
STRONG: Well that's not true, I promised you that I'd talk to the district attorney and the judge and tell him that you did indeed cooperate
GREER: Yea you did tell me that
STRONG: Okay, you giving this statement freely and voluntarily?
GREER: Yes sir.
Like Layne v. State, 542 So.2d 237, 239 (Miss.1989), Investigator Strong's promise to inform the district attorney and the judge that Greer cooperated had no reward attached to it. Nor did Greer answer as if he believed he would be rewarded. Additionally, Kenneth Hurt, an employee with the Hancock County Sheriff's Department was present during Greer's statement. Hurt testified that Greer had not been threatened or promised leniency by him or Investigator Strong while in his presence. Furthermore, at the time of his statement, Greer did not appear to consider Investigator Strong's promise to inform the district attorney and judge of his cooperation as a promise of leniency. Greer specifically denied having been made promises of leniency prior to the statement. Greer stated more than once during his confession that he was giving the statements voluntarily.
¶ 15. As mentioned earlier, initially, Greer did not present argument regarding involuntariness based on promises. He first argued that the statement should be suppressed because his arrest was unlawful. The trial judge denied the motion on this basis. However, when Greer was present in the trial court for his trial, he once again raised the issue of the suppression of the statement. This time Greer argued that he gave the statement because he had been coerced or promised leniency. The trial judge found that the motion was untimely, but allowed Greer to make a proffer. At the conclusion of the proffer, the trial judge noted the following in a portion of his ruling:
But going directly to the motion to suppress, the [c]ourt finds beyond a reasonable doubt and under the totality of the circumstances that the defendant did voluntarily and intelligently waive his privilege against self-incrimination. I base that upon the fact that the [c]ourt finds beyond a reasonable doubt that the defendant's [sic] is unworthy of belief.
The [c]ourt noted during the course of the testimony as questioned by the attorneys and by the Court that on occasions concerning, particularly the cross of Mr. Bourgeois, concerning the cross-examination of the statement by the defendant that he had been promised probation, and that he had been promised that he wouldn't get any time, and this business about whether he was cutting a deal and the business concerning 15 sex acts, the [c]ourt observed a different inflection in his voice, the tone of his voice and observed the demeanor of his face as he responded to those question [sic] ... But those factors, together with many other facts introduced during the first motion as well as this one, the [c]ourt finds beyond a reasonable doubt that he is unworthy of belief and finds that the statement was given freely and voluntarily and knowingly, and the [c]ourt finds that any alleged promise or if it is a promise, I know that Mr. Strong called it a promise, but let me just be specific, that the statement that he would go to the DA and to the judge, I believe, whatever the record shows, was not any promise of leniency and it was *358 not accompanied by any other coercive psychological tactics.
¶ 16. The facts presented and considered by the trial judge in his ruling were based on substantial credible evidence. The trial judge did not commit manifest error when he determined that the State had met its burden of proof and Greer's taped statement was voluntary. Therefore, this issue is without merit.

II. WHETHER THE TRIAL JUDGE ERRED WHEN HE DENIED JURY INSTRUCTION D-2.
¶ 17. Greer asserts that the trial judge erred in denying jury instruction D-2 because it denied him the defense that his taped confession was not voluntary, and therefore, should not be given any weight.
¶ 18. This Court's standard of review in determining whether a trial judge has properly granted or denied a jury instruction is as follows: "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Robinson v. State, 726 So.2d 189, 193(¶ 16) (Miss.Ct.App.1998).
¶ 19. A jury instruction must be supported by the evidence and be a correct statement of the law. See Perry v. State, 637 So.2d 871, 877 (Miss.1994); Dedeaux v. State, 630 So.2d 30, 33 (Miss.1993); Wilson v. State, 592 So.2d 993, 997 (Miss.1991). A trial judge is vested with the discretion to refuse the jury instruction which misstates the law, lacks an evidentiary basis, or that is stated elsewhere in the instructions. Robinson, 726 So.2d at 194(¶ 18).
¶ 20. Jury instruction D-2 reads as follows:
You are the sole judges of the facts in this case. Your exclusive province is to determine what weight and credibility will be assigned to the testimony and supporting evidence of each witness in this case. You are required and expected to use your good common sense and sound judgment in considering and weighing the testimony of each witness who has testified in this case.
You may consider the alleged confession in the light of the manner by which you find it was obtained, and give it such weight and credibility as you think it is entitled. Unless you believe from the evidence beyond a reasonable doubt that the alleged confession made by the defendant was truthful, was accurately recorded; that the defendant understood what was said; and that such confession was made by the defendant of his own free will and was not extorted by threat of harm or promise of benefit, then you must disregard the alleged confession to the extent that these facts tend to discredit it.
While the trial judge allowed Greer to make a proffer outside the presence of the jury regarding the issue of voluntariness of his confession, no evidence was presented to the jury regarding the fact that the confession might have been obtained in an improper manner. If the instruction had been granted, the second paragraph of the instruction would have given a statement of facts for consideration by the jury which had not been placed before them. Therefore, jury instruction D-2 was properly denied. Accordingly, this issue is without merit.

III. WHETHER GREER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 21. Greer argues that he received ineffective assistance of counsel because his attorneys failed to investigate *359 the charges of coercion and promises of leniency.
¶ 22. To prevail on the issue of whether his defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 456. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988). Greer must prove that it is reasonably probable that "but for" the errors committed by his counsel, the outcome of his trial would have been different. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992).
¶ 23. While the issue of voluntariness of confession was not the first issue used to attack the validity of the confession, it was eventually pursued by Greer's attorneys. We cannot say that this was not a tactical decision. Indeed, the record indicates that Greer's attorneys needed more time to investigate this argument. Even Greer admitted that he did not initially talk to his attorneys about having been coerced or promised leniency regarding his giving the confession. Additionally, the trial judge allowed Greer's counsel to make a proffer regarding voluntariness. Since we determined in issue one that the trial judge did not commit manifest error in determining that the confession was voluntary, we reach the ultimate conclusion that Greer has failed to show he was prejudiced. Therefore, this issue is without merit.

IV. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 24. Greer argues that the trial judge erred when he denied the motion for a new trial because the facts presented at trial would not allow a reasonable hypothetical juror to find him guilty. Greer asserts that the verdict was against the overwhelming weight of the evidence because S.S.'s testimony was not supported by physical evidence. Additionally, Greer argues that he was convicted based on his confession which should have been suppressed. Greer also requests this Court to ignore long standing precedent and hold that the testimony of a single witness should not be sufficient to sustain a conviction in the absence of some corroboration. Since this Court determined in issue one that Greer's confession was legally obtained and admissible this part of the argument does not merit further discussion.
¶ 25. In Benson v. State, 551 So.2d 188, 193 (Miss.1989), the Mississippi Supreme Court provided the following explanation of when it would grant a new trial:
This [c]ourt will not order a new trial "unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Factual disputes are properly resolved by the jury and do not mandate a new trial. Temple v. State, 498 So.2d 379, 382 (Miss. 1986).
A motion for a new trial is within the sound discretion of the trial court. Burge *360 v. State, 472 So.2d 392, 397 (Miss.1985). It must be kept in mind that any discrepancies were properly resolved by the jury as fact finder because questions regarding weight and worth of witness testimony or witness credibility are for the jury to settle. Eakes v. State, 665 So.2d 852, 872 (Miss.1995). This Court accepts as true all evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Id.
¶ 26. Since we find that Greer's confession was properly admitted, we also conclude that S.S.'s testimony was corroborated. Therefore, we are no longer faced with the argument regarding corroboration and the overturning of precedent. The fact that there were differences regarding the times and the places where the sexual intercourse occurred was for the jury to decide. Additionally, S.S. corroborated her assertion of sexual intercourse with her testimony regarding a more personal fact about Greer.
¶ 27. S.S. stated that during the sexual encounters with Greer she noticed that Greer had a tattoo in the crease of his leg near his abdomen which read "TC's toy." Greer did not deny the presence of the tattoo. However, Greer asserted that S.S. did not learn of the tattoo as a result of any sexual encounters between them, but because the tattoo was common knowledge. Nevertheless, once again, the discrepancy regarding how S.S. had knowledge of Greer's tattoo was for the jury to weigh.
¶ 28. Upon reviewing all of the evidence we find that the trial judge did not abuse his discretion in denying the motion for new trial. Accordingly, this issue is without merit.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY OF CONVICTION OF CAPITAL RAPE AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.