*870 ON MOTION FOR REHEARING
MYERS, J.,
for the Court.
¶ 1. We deny the motion for rehearing. The original opinion is withdrawn and this opinion is substituted therefor.
SUMMARY
¶ 2. Harry Allen Gray was convicted of fondling a fourteen year old girl by the Circuit Court of the First Judicial District of Jones County. On appeal, Gray raises only one issue for this Court to consider: Whether the trial court erred in refusing to suppress Gray’s confession as involuntary, as it was the product of police coercion and implied promises.
Facts[1]
¶ 3. In the early morning hours of August .6, 1999, Gray arrived at the home of Betty Roe. There is some controversy as to whether or not Gray had been invited to come there, but he was welcomed in, nevertheless. Gray, Roe, and the victim, Jane Doe, watched television for a little while. According to Doe, she then went to bed. A few minutes later, according to Doe’s version of the facts, Gray snuck into the bedroom where she was sleeping and raped her. According to Gray, he and Doe went voluntarily into the bedroom, where they began talking. The conversation led to kissing, and Doe’s moving Gray’s hand over her breasts and putting Gray’s hand on her genitals. Gray admits to inserting a finger into Doe’s vagina, but he states that nothing else happened.
¶ 4. The next evening, Gray was arrested for raping Doe. Jones County Deputy Sheriff Wayne Black read Gray his Miranda rights, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), handcuffed him, and placed him into the back of the police cruiser. Black then took Gray to the sheriffs station, where Gray was read and then signed a waiver of his Miranda rights. Gray made a tape recorded statement where he repeated his version of the facts. Gray claims he did this only because Deputy Black promised him that if he confessed, he would be tried only on a charge of fondling instead of a charge of rape.
¶ 5. The trial court held a hearing on Gray’s motion to suppress his confession. At the end of that hearing, the motion was denied.
Legal Analysis
¶ 6. When we review a judge’s ruling concerning the suppression of a confession, we will uphold the ruling if it is supported by substantial credible evidence when evaluating the totality of the circumstances. Greer v. State, 818 So.2d 352, 355 (¶ 8) (Miss.Ct.App.2002). We will not reverse a trial judge’s decision to not suppress evidence as long as the correct principles of law were applied and the finding is factually supported by substantial evidence. Carlisle v. State, 822 So.2d 1022, 1026 (¶ 11) (Miss.Ct.App.2002) (citing Palm v. State, 748 So.2d 135, 142 (¶ 25) (Miss.1999)). Where contradictory evidence has been presented, we will generally affirm. Id. (citing Lesley v. State, 606 So.2d 1084, 1091 (Miss.1992)).
¶ 7. We will allow a confession to stand as long as the confession was given voluntarily, and is not the product of promises, threats, or inducements. Richardson v. State, 722 So.2d 481, 487 (¶ 11) (Miss.1998). In the present case, the State presented evidence that Gray had been read his Miranda rights. He did not make any statements until he signed a written waiver of his rights. Deputy Black stated on *871 the stand that he made no promises, that he did not threaten Gray, nor did he in any way induce the confession. Gray contradicted all these assertions, and he was the only person to do so. Even if we do not consider Deputy Black’s version of events to be substantial evidence, our prior decisions require us to affirm the decision to admit the confession since the facts are contradicted. As such, the judgment of the trial court is affirmed.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF JONES COUNTY OF CONVICTION OF FONDLING AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE FIRST TEN YEARS TO SERVE AND THE REMAINING FIVE YEARS TO BE SUSPENDED AND FIVE YEARS’ PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.

. The names of the victim and the owner of the home where the crime occurred have been changed to protect the minor victim’s identity.