IRVING, J.,
 

 for the Court:
 

 ¶ 1. In January 2009, Cedric King filed a motion to vacate and set aside his convictions and sentences for armed robbery and possession of cocaine. The Montgomery County Circuit Court treated King’s motion as one for post-conviction relief and denied the motion as time-barred and for being a successive writ. Feeling aggrieved, King appeals and asserts that his motion presented newly discovered evidence sufficient to overcome the time bar; King also argues that his “actual innocence” should afford an exception to the procedural bars to his motion.
 

 ¶2. We agree that King’s motion is a successive writ and that it was filed untimely; therefore, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 3. In April or May 1997, King pleaded guilty to armed robbery and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, with nine years suspended and sixteen years to serve. King was convicted of possession of cocaine on the same day as his guilty plea and was sentenced to three years for that conviction, with those years to run concurrently to the time he was serving for armed robbery. In October 1997, King pleaded guilty to escape and was sentenced to five years; this sentence was ordered to run concurrently with his others.
 

 ¶ 4. On April 19, 2000, King filed a motion for post-conviction relief, wherein he alleged that his counsel was ineffective for, among other things, misrepresenting to King when he would be eligible for parole. King also attacked the voluntariness of his pleas and the propriety of his sentences. After the circuit court denied that motion, King appealed. This Court found no merit to his appeal.
 
 King v. State,
 
 828 So.2d 825 (Miss.Ct.App.2002). Thereafter, King filed a motion to his vacate his sentence, which was denied by the Mississippi Supreme Court on August 12, 2004.
 

 ¶ 5. King has produced three affidavits, one undated and two dated September 2001, wherein the affiants claim that King is innocent of the armed robbery to which he pleaded guilty. Two of the statements are notarized, and one is not.
 

 ¶ 6. King filed the present motion for post-conviction relief on January 30, 2009. It is from the denial of that motion that King appeals. Additional facts, if necessary, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 7. Our standard of review in appeals from post-conviction-relief proceedings is well established:
 

 When considering a trial court’s denial of a petition filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated Sections 99-39-1, et seq. (Rev.2007), our standard of review is well-settled:
 

 “When reviewing a lower court’s decision to deny a petition for post[-]conviction relief[,] [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.”
 
 Lambert v. State,
 
 941 So.2d 804, 807 [ (¶ 14) ] (Miss.2006) (quoting
 
 Brown v. State,
 
 731 So.2d 595, 598 [ (¶ 6) ] (Miss.1999));
 
 see also Bank of
 
 
 *748
 

 Miss. v. S. Mem’l Park, Inc.,
 
 677 So.2d 186, 191 (Miss.1996).
 

 Callins v. State,
 
 975 So.2d 219, 222 [(¶ 8)] (Miss.2008).
 

 Moore v. State,
 
 986 So.2d 928, 932 (¶ 13) (Miss.2008). The only issues raised by King are questions of law, namely whether his motion is time-barred and barred as a successive writ.
 

 ¶ 8. In general, the dismissal or denial of a motion for post-conviction relief acts as “a bar to a second or successive application [for post-conviction relief].” Miss.Code Ann. § 99-39-27(9) (Supp.2009). There are, however, exceptions to this bar, including petitions that rely on “an intervening decision” of the United States or Mississippi Supreme Courts and petitions that allege that the petitioner “has evidence, not reasonably discoverable at the time of trial, that is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence.”
 
 Id.
 
 A motion for post-conviction relief can also be barred as untimely, as a petitioner who has pleaded guilty has three years “after entry of the judgment of conviction” in which to file a motion for post-conviction relief. Miss.Code Ann. § 99-39-5(2) (Supp.2009). As with the successive-writ bar, there are exceptions to the time bar, including intervening judicial decisions and newly discovered evidence.
 

 ¶ 9. In his most recent motion for post-conviction relief, King alleges that his guilty plea was involuntary. He -also complains that he received ineffective assistance of counsel. As in his earlier motions for post-conviction relief, King complains that he was not properly informed as to his parole eligibility before pleading guilty. All of these allegations have already been addressed in prior post-conviction proceedings. King also argues his actual innocence as to his convictions. He appears to rely on the previously mentioned affidavits as proof of his innocence.
 

 ¶ 10. There is nothing in King’s newest motion to overcome either the successive-writ bar or the time bar. King claims that he did not learn until 2008 that he would not be eligible for parole. However, the mere fact that he learned about the law in 2008 does not constitute newly discovered evidence.
 
 Pickle v. State,
 
 942 So.2d 243, 246 (¶ 12) (Miss.Ct.App.2006). Likewise, the 2001 affidavits are insufficient to constitute newly discovered evidence.
 

 ¶ 11. Since King has failed to show that his motion meets any of the exceptions to the procedural bars, the circuit court was correct in denying his motion for post-conviction relief as time-barred and as a successive writ.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.