MAXWELL, J.,
for the Court:
¶ 1. Raymond Joseph Greer Sr. appeals from the dismissal of his motion for post-conviction relief (PCR) in the Hancock County Circuit Court. Because this court affirmed Greer’s conviction and sentence on direct appeal and the Mississippi Supreme Court has not granted leave to proceed in the trial court, the trial court lacked jurisdiction. Therefore, we affirm the dismissal of Greer’s PCR motion.
FACTS
¶ 2. Greer was indicted for capital rape, found guilty, and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Greer appealed his conviction and sentence, which we affirmed in Greer v. State, 818 So.2d 352 (Miss.Ct.App.2002). In June 2005, Greer filed an application to proceed in the trial court with the Mississippi Supreme Court. The supreme court dismissed his application by order in March 2005. His subsequent motions, including another motion to file a PCR motion with the trial court, were also dismissed or denied by the Mississippi Supreme Court.
¶ 3. In October 2010, Greer filed a PCR motion in the trial court. The trial court dismissed the motion on November 22, 2010. Greer appeals this dismissal.
*1238 DISCUSSION
¶ 4. Greer seeks exception from the time bar and successive-writ bar by asserting that his claims involve fundamental rights and should be excepted from the procedural bars.
¶ 5. Mississippi Code Annotated section 99-39-7 (Supp.2011) provides, in part:
Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.
See McKenzie v. State, 66 So.3d 1274, 1275-76 (¶ 4-5) (Miss.Ct.App.2011); Wardley v. State, 37 So.3d 1222, 1224-25 (¶ 8) (Miss.Ct.App.2010).
¶ 6. Greer is correct that there are exceptions to the time bar found in Mississippi Code Annotated section 99-39-5(2) (Supp.2011) and successive writ bar in Mississippi Code Annotated section 99-39-23(6) (Supp.2011). But there is no exemption reliving him from section 99-39-7’s requirement that a motion for leave be filed with and permission received from the Mississippi Supreme Court.
¶ 7. In Rowland v. State, 42 So.3d 503, 507-08 (¶ 12) (Miss.2010), which was cited by Greer, the supreme court found exceptions to the procedural bars of the Uniform Post-Conviction Collateral Relief Act where the claims concerning fundamental rights. But none of the cases cited in Rowland deal with the failure to receive permission from the supreme court for leave to file a PCR motion in the trial court. Id.; see Miss.Code Ann. § 99-39-7.
¶ 8. In this case, Greer sought permission from the Mississippi Supreme Court to file a PCR motion in the trial court, but that permission was denied. Thus, the trial court lacked jurisdiction to hear Greer’s PCR motion and dismissed the motion. McKenzie, 66 So.3d at 1275-76 (¶ 5). Finding no error, we affirm the trial court’s dismissal of Greer’s PCR motion.
¶ 9. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ„ CONCUR. FAIR, J„ NOT PARTICIPATING.