LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Raymond J. Greer was convicted of capital rape and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. This Court affirmed the conviction in Greer v. State, 818 So.2d 352, 354 (¶ 1) (Miss.Ct.App.2002) (Greer I). Greer filed an application to proceed in the Hancock County Circuit Court with the Mississippi Supreme Court. The supreme court dismissed that application and dismissed or denied subsequent motions, including another motion to file a petition for post-conviction relief. Although the supreme court had denied his application, Greer filed a petition for post-conviction relief in the trial court. The trial court dismissed the motion on November 22, 2010. Greer appealed, and this Court affirmed the trial court’s dismissal in Greer v. State, 94 So.3d 1237, 1237 (¶ 1) (Miss.Ct.App.2012) (Greer II).
¶2. Prior to this Court’s decision in Greer II, Greer filed a motion for relief from judgment under Mississippi Rule of Civil Procedure 60(b), arguing that the November 22, 2010 ruling was in error and that he should not have to seek leave from the Mississippi Supreme Court to file his post-conviction petition. The trial court denied the motion in December 2010, after Greer II had been handed down and after Greer’s motion for rehearing and petition for writ of certiorari had been denied. Greer now appeals the trial court’s denial of his Rule 60(b) motion.
STANDARD OF REVIEW
¶ 3. For this Court to reverse the trial court’s ruling on a Rule 60(b) motion, the petitioner must show that the trial court abused its discretion. Moore v. Jacobs, 752 So.2d 1013, 1015 (¶ 5) (Miss.Ct.App.1999). “[A] party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvert[e]nce; gross negligence, ignorance of the rules, or ignorance of the law is not enough.” Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984).
DISCUSSION
¶4. Under Rule 60(b), the trial court may grant “relief from a judgment or order, but only where one of the following exists: fraud, accident or mistake, newly discovered evidence, void judgment, judgment has been satisfied or otherwise vacated, or any other reason justifying relief.” Cook v. State, 921 So.2d 1282, 1283 (¶ 4) (Miss.Ct.App.2006). “[T]he general rule is that Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances_” Stringfellow, 451 So.2d at 221.
¶ 5. The trial court found that Greer “provided no ‘exceptional circumstances’ such as are required for Rule 60(b) consideration.” Greer argues that he was denied a milder sentence under Mississippi Code Annotated section 99-19-33 (Rev.2007). However, he does not assert that fraud, accident, mistake, newly discovered evidence, or a void judgment exists. Nor does he claim that the judgment has been satisfied or otherwise vacated. After reviewing the record and Greer’s briefs, we cannot find that “excep *184 tional circumstances” existed sufficient to have compelled the trial court to grant his Rule 60(b) motion or his motion to expedite his Rule 60(b) motion. “Further, Rule 60(b) motions should be denied where they are merely an attempt to relitigate the case.” Stringfellow, 451 So.2d at 221. Therefore, we find that the trial court did not abuse its discretion in denying Greer’s Rule 60(b) motion or his motion to expedite his Rule 60(b) motion.
¶ 6. THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.