# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00282-COA

**JUSTIN JOHNSTON**                                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

DATE OF JUDGMENT:               01/26/2016
TRIAL JUDGE:                    HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:      RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         JUSTIN JOHNSTON (PRO SE)
ATTORNEYS FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                BY: BILLY L. GORE
                                    JASON L. DAVIS
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        PETITION FOR RECLASSIFICATION
                                HEARING DISMISSED
DISPOSITION:                    AFFIRMED: 04/04/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.    Justin Johnston appeals the circuit court's dismissal of his petition for a reclassification hearing. We find no error and affirm.

FACTS

¶2.    Johnston was indicted in the Circuit Court of Rankin County, Mississippi, on the charge of Count I, sexual battery, and Count II, statutory rape. On March 24, 2008, Johnston entered a plea of guilty to Count II, statutory rape, and was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended,

followed by five years of supervised probation.[1]

¶3.     On January 21, 2016, Johnston filed a pro se "petition for re-classification hearing" and requested that his statutory-rape charge be reclassified as a nonviolent offense. Johnston further filed a pro se "motion" wherein he requested parole consideration.

¶4.     On January 26, 2016, the circuit court found it was without authority to reclassify Johnston as nonviolent and declined to recommend to the Mississippi Parole Board that Johnston be paroled. Thus, the circuit court dismissed the petition for a reclassification hearing and denied the motion for parole consideration. Additionally, the circuit court granted Johnston leave to proceed in forma pauperis.

¶5.     Johnston now appeals and argues the circuit court erred in failing to grant reclassification.[2]

STANDARD OF REVIEW

¶6.     In reviewing a circuit court's dismissal of a post-conviction-relief petition, our standard of review is well established. *King v. State*, 47 So. 3d 746, 747 (¶7) (Miss. Ct. App. 2010). We "will not disturb the [circuit] court's factual findings unless they are found to be clearly erroneous." *Id*. "However, where questions of law are raised, the applicable standard of review is de novo." *Id*.

ANALYSIS

_____

[1] An order of nolle prosequi without prejudice was entered as to Count I, sexual battery.

[2] Johnston does not appeal the circuit court's denial of his motion for parole consideration. He appeals only the dismissal of his petition for a reclassification hearing.

2

¶7.     Johnston does not contest his conviction or sentence.  Instead, Johnston asserts the circuit court erred in failing to reclassify his statutory-rape charge from a violent offense to a nonviolent offense.  In support thereof, Johnston relies on House Bill 585 (2014 Miss. Laws ch. 457).

¶8.     House Bill 585 created Mississippi Code Annotated section 97-3-2 (Rev. 2014) to define crimes of violence, and amended Mississippi Code Annotated section 47-7-3 (Rev. 2015) to revise parole eligibility.  Pursuant to section 97-3-2(1)(q), statutory rape as provided in Mississippi Code Annotated section 97-3-65(1) (Rev. 2014) is classified as a crime of violence, "but this classification is rebuttable on hearing by a judge[.]"[3]  Miss. Code Ann. § 97-3-2(1)(q).  Under section 47-7-3(1)(g)(iii), any offender who has not committed a crime of violence under section 97-3-2 and has served twenty-five percent or more of his sentence may be paroled by the parole board if the sentencing judge authorizes the offender to be eligible for parole consideration.  Johnston seeks to reclassify his statutory-rape charge from a violent offense to a nonviolent offense in order to qualify for parole consideration under section 47-7-3(1)(g)(iii).

¶9.     House Bill 585 did not take effect until July 1, 2014.  Thus, neither section 97-3-2 nor section 47-7-3, as amended, applied at the time Johnston pleaded guilty in 2008.  Johnston has provided no authority to suggest that the relief he requests pursuant to section 97-3-2 applies retroactively.  Thus, the circuit court did not err in dismissing Johnston's petition for a reclassification hearing.

---

[3] Johnston plead guilty to statutory rape in violation of Mississippi Code Annotated section 97-3-65(1)(b) (Supp. 2008).

¶10.   THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.

LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.