# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00317-COA

**RAYMOND J. GREER A/K/A RAYMOND JOSEPH GREER, SR. A/K/A RUSTY GREER A/K/A RAYMOND JOSEPH GREER A/K/A RAYMOND GREER, JR.**                                    APPELLANT

v.

**STATE OF MISSISSIPPI**                                    APPELLEE

DATE OF JUDGMENT:          03/06/2020
TRIAL JUDGE:               HON. ROGER T. CLARK
COURT FROM WHICH APPEALED: HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    RAYMOND J. GREER (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
                           BY: MICHAEL DEWAYNE WILSON SR.
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
DISPOSITION:               AFFIRMED - 10/05/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE BARNES, C.J., McDONALD, McCARTY AND EMFINGER, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Raymond Greer filed a petition with the Circuit Court of Hancock County, Mississippi, seeking to reclassify his 1999 capital-rape conviction as a non-violent offense. The circuit court denied Greer's petition on the merits, and he appeals. We affirm the court's order, although we do so on the basis that the circuit court lacked jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.     On June 8, 1999, Raymond Greer was convicted of capital rape and sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections

(MDOC). This Court affirmed his conviction and sentence on direct appeal. *Greer v. State*, 818 So. 2d 352, 360 (¶29) (Miss. Ct. App. 2002). Ten years later, this Court affirmed the dismissal of Greer's motion for post-conviction relief (PCR) because "the Mississippi Supreme Court ha[d] not granted [him] leave to proceed," depriving the circuit court of jurisdiction. *Greer v. State*, 94 So. 3d 1237, 1237 (¶1) (Miss. Ct. App. 2012). Subsequently, in *Greer v. State*, 138 So. 3d 182, 184 (¶¶5-6) (Miss. Ct. App. 2013), we affirmed the circuit court's denial of Greer's "motion for relief from judgment" under Mississippi Rule of Civil Procedure 60(b).

¶3. On March 24, 2017, Greer filed a petition in the circuit court for parole recommendation. After the circuit court denied the petition, he appealed. The supreme court dismissed the appeal on January 11, 2018, finding the court's order was not an appealable judgment. According to the State's brief, Greer "again petitioned for a parole hearing [on August 27, 2018,] and on October 22, 2018, [he] filed a Motion to Vacate, Set-Aside Illegal Sentence Pursuant to Error of Sentencing Under Wrong Statute and both motions were denied by the [circuit] court." On January 28, 2019, Greer filed in the supreme court an application for leave to proceed in the circuit court with his PCR motion. Finding Greer "ha[d] not presented an arguable basis for his claim," the supreme court denied the application. Order, *Greer v. State*, No. 2019-M-00239 (Miss. Feb. 14, 2019).

¶4. Most recently, Greer filed a "Petition for Reclassification Hearing" on February 24, 2020, asking the circuit court to reclassify him as a non-violent offender, which he claims would allow him parole eligibility. Denying Greer's petition, the court cited *Johnston v.*

2

*State*, 214 So. 3d 317 (Miss. Ct. App. 2017), wherein this Court upheld a circuit court's ruling that it was without authority to reclassify a defendant convicted of statutory rape as a nonviolent offender and to recommend his parole to the Mississippi Parole Board. *Id*. at 317 (¶¶1-4). Greer appeals from the circuit court's order.

## DISCUSSION

¶5. While the State only addresses the merits of Greer's appeal, we first have an "affirmative duty to determine whether we have jurisdiction over the matter[.]" *Borou v. State*, 159 So. 3d 620, 622 (¶6) (Miss. Ct. App. 2015). Greer did not fashion his petition for a reclassification hearing as a PCR motion under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), nor did the circuit court indicate whether it viewed Greer's petition as such.

¶6. This Court has recognized that "[a] pleading cognizable under the UPCCRA will be treated as a PCR motion that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Wilson v. State*, 301 So. 3d 727, 729 (¶7) (Miss. Ct. App. 2020) (quoting *Copple v. State*, 196 So. 3d 189, 191-92 (¶8) (Miss. Ct. App. 2016)). Because Greer is collaterally attacking his sentence for capital rape, we find his petition is a pleading cognizable under the UPCCRA. *See Tanner v. State*, 295 So. 3d 987, 989 (¶8) (Miss. Ct. App. 2020) (treating petitioner's collateral attack of his conviction and sentence for sexual battery as "a pleading cognizable under the [UPCCRA]"); *see also Johnston*, 214 So. 3d at 318 (¶¶6-9) (treating a petition for reclassification as a PCR motion). As a result, Greer was required to seek the supreme

3

court's leave to proceed on his request for post-conviction relief in the circuit court. *See* Miss. Code Ann. § 99-39-7 (Rev. 2015). The supreme court denied Greer's January 2019 application for leave to proceed with his PCR motion in the circuit court, and he has filed no application with the supreme court since that time. Accordingly, we find the circuit court lacked jurisdiction over Greer's petition. *See Jones v. State*, 271 So. 3d 694, 696 (¶6) (Miss. Ct. App. 2018) (recognizing a court's lack of jurisdiction "if the petitioner fails to request the supreme court's permission to file a PCR motion").

¶7. As this Court concluded in *Tanner*, 295 So. 3d at 989 (¶8), even though the circuit court "incorrectly denied rather than dismissed" Greer's petition, "we find the distinction immaterial" and affirm the court's order. (Quoting *Washington v. State*, 237 So. 3d 775, 778 (¶13) (Miss. Ct. App. 2017)).

¶8. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**