ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court:
¶ 1. A trial judge held that a prior conviction for burglary satisfied the violent-crime requirement for habitual-offender status, even though the State had produced no evidence that the burglary involved violence. Because burglary is not — as the trial court held — a crime against the person, and not — as the Court of Appeals (“COA”) held — per se a crime of violence, we reverse.
BACKGROUND FACTS AND PROCEEDINGS
¶2. The Harrison County grand jury indicted Mark Kee Brown for felony escape, and as a habitual offender under Mississippi Code Section 99-19-81.[1] The State later moved the trial court to amend the grand jury’s indictment to charge Brown as a habitual offender under Section 99-19-83 — a statute that requires a life sentence for defendants with two previous felony convictions, one of which was a “crime of violence.”[2]
¶ 3. Although Brown did not challenge the trial judge’s authority to amend the grand jury’s indictment, he did object to the State’s assertion that his burglary conviction was a crime of violence. The only evidence produced by the State to satisfy its burden of proving a crime of violence was Brown’s burglary indictment and guilty plea, along with a document that appeared to present Brown’s statement that he “entered [the house] and stole TVs, VCR and jewelry valued at approximately $1,500.00.”
¶ 4. The trial judge granted the State’s motion to amend the grand jury’s indict *1089 ment; the jury convicted him of felony escape; and the trial judge sentenced him to life in prison without probation, parole, or early release.
¶ 5. On appeal, Brown’s only issue is whether the trial court erred by automatically considering the burglary conviction a violent crime, thus sentencing him under Section 99-19-83.[3] The COA affirmed the trial court, and we granted Brown’s petition for a writ of certiorari.
ANALYSIS
¶ 6. Because the issue before us is a question of law, we employ a de novo standard of review,[4] and we interpret statutes according to their plain meaning.[5]

This Court’s jurisprudence requires strict construction of criminal statutes in favor of the accused.

¶ 7. A principle deeply imbedded in our law requires us to construe criminal statutes strictly, resolving all doubts and ambiguities in favor of the accused.[6] Stated in the context of the habitual-offender statute before us today, we will not place a “violent crime” label on a crime where there was no proof of a violent act, unless the statute itself — or some other provision of law (such as the definitions within the chapter that include the statute) — clearly and unambiguously requires us to do so.
¶ 8. In favorably addressing this principle, the United States Supreme Court stated that it “reflects not merely a convenient maxim of statutory construction. Rather, it is rooted in fundamental principles of due process which mandate that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited.” [7]

Burglary of a dwelling is not a crime of violence under Section 99-19-83.

¶ 9. This Court has already decided that breaking and entering is not a crime of violence. Twenty-eight years ago, in McLamb v. State, this Court addressed the “crime of violence” requirement under Section 99-19-83, and refused to consider breaking and entering as a “crime of violence” under the same statute before us today.[8] The defendant, McLamb, was being sentenced for armed robbery. His two prior convictions were for larceny and breaking and entering. Despite McLamb’s prior conviction for breaking and entering, this Court reversed McLamb’s sentence as a habitual offender “[bjecause McLamb had not been convicted of any prior violent felonies.”[9]
¶ 10. While we do not view legislative acquiescence as an absolute indication of the Legislature’s intent, we note that this Court’s holding in McLamb has remained on the books for twenty-eight years without any legislative amendment to Section 99-19-83.
*1090 ¶ 11. In the case before us today, Brown argues that burglary of a dwelling is not a “crime of violence” within the meaning of Section 99-19-83, which provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony ... and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.[10]
¶ 12. No statute or case from this Court states that burglary of a dwelling satisfies the “crime of violence” requirement of this statute. At the time of Brown’s burglary charge, Section 97-17-19 (which has since been repealed) set out the following elements for burglary of a dwelling:
Every person who shall be convicted of breaking and entering any dwelling house, in the day or night, with intent to commit a crime, shall be guilty of burglary, and be imprisoned in the penitentiary not more than ten years.[11]
¶ 13. As already stated above in our discussion of McLamb, the “breaking and entering” requirement for burglary does not per se require an act of violence. In holding that Brown’s burglary conviction was a crime of violence, the trial judge stated:
[I]t is this court’s opinion that burglary of a dwelling house does in fact constitute a violent crime because this is a crime against someone who is living in their castle, so to speak. And when somebody burglarizes that castle, I think that is an absolute threat to the inhabitants of the house, and I feel that it constitutes a crime of violence under [Section] 99-19-83.
¶ 14. This statement reflects the trial judge’s view — and the view expressed by the dissent — that crimes of violence under Section 99-19-83 may include crimes that do not actually involve violence or violent acts, so long as the potential or threat of possible violence exists. Under this expansive view, using a credit card to slip a lock and commit a burglary would be a crime of violence, even if the inhabitants were in China and no violence took place. Any amendment of the law to bring crimes of potential violence under the statute must be accomplished by the Legislature, not by judicial legislation from this Court.
¶ 15. In affirming the trial court, the COA — after delving into what it considered to be the legislative history and intent of the burglary statute — held that burglary was a per se crime of violence. The COA reasoned that common-law burglary was an offense against habitation rather than against property.[12] But Section 97-17-19 (now repealed), and its successor, Section 97-17-23, were both codified under Chapter 17 of the Mississippi Code, a chapter that includes only crimes against property. Crimes against persons are codified under Chapter 3.
*1091 ¶ 16. The State points to Section 99-15-107[13] — a statute that establishes the requirements for participation in an intervention program — and argues that, because that section expressly excludes defendants charged with what that statute defines as “crime[s] of violence” for purposes of the intervention program, burglary of a dwelling house must also be considered a crime of violence for purposes of Section 99-15-107.
¶ 17. But Section 99-15-107 is unrelated to today’s case. We decline to hold that, because burglary of a dwelling house is considered a crime of violence for purposes of qualifying for the intervention program, it also qualifies as a crime of violence for purposes of the habitual-offender statutes. The Legislature, itself, has not always used the same list of crimes it considers to be violent. For instance, the statute setting out the requirements for parole eligibility includes several “violent” crimes that are not listed as violent crimes under the intervention-program statute, including arson.[14]
¶ 18. The Legislature has never enacted a general “violent-crime statute,” but rather has used different lists of violent crimes for purposes of various statutes. So we must reject the State’s argument on this point. And for the same reasons, we must reject the State’s argument that we should look to federal law to determine which state crimes qualify as violent. The State bore the burden of proving beyond a reasonable doubt that Brown’s prior convictions fell within Section 99-19-83,[15] and that his burglary conviction was a crime of violence.

Absent a legislative definition, crimes that involve violence are crimes of violence.

¶ 19. The fact that the Legislature did not choose to provide a list of “crimes of violence” that apply under Section 99-19-83 does not render the statute ineffective. This Court has recognized many crimes that actually involve violence as “crimes of violence” under Section 99-19-83-for instance, armed robbery,[16] robbery,[17] and attempted robbery.[18] Also, we have recognized rape as a violent crime under a different statute that addresses aggravating factors for death-penalty sentencing.[19] And we have recognized aggravated assault as a violent crime in the bail-amount context.[20]
¶ 20. But as Judge Roberts aptly noted in his dissent to the COA’s majority opinion, the essential elements to these crimes necessarily involve violence — or at least the threat of imminent violence to another — to accomplish the crime.[21] The statutory language for robbery, for example, requires that the defendant take personal property “by violence” or “by putting such person in fear of some immediate injury to his person.”[22] Thus, the statute’s ele- *1092 merits necessarily involve the “use of physical force ... unlawfully exercised with the intent to harm.”[23] Here, the dissent’s view would classify burglary as a crime of violence, even where the victim was unaware of the burglary. But burglary of a dwelling need not — and often does not— involve acts or threats of violence. Perpetrators often (understandably) choose to burglarize when no one is at home.
¶ 21. We hold that burglary of a dwelling is not a per se “crime of violence” under Section 99-19-83. The Legislature certainly is free to enact a statute that makes burglary of a dwelling a per se crime of violence. But it has not chosen to do so, and we decline to assume that it intended to do so. Absent such a statute, or proof of an actual act of violence during the commission of a burglary, we hold that burglary of a dwelling is not a violent crime for purposes of Section 99-19-83.
¶ 22. In its attempt to squeeze burglary into the definition of “crime of violence” under Section 99-19-83, the dissent turns to the dictionaries and concludes that “the common and ordinary meaning of crime of violence is a crime that involves the threatened use of, or risk of use of, physical force against a person or property of another so as to violate, damage, injure, or abuse.”[24] And all can agree, according to the dissent, that burglary requires some measure of force. But one popular dictionary defines “force” as “[t]he capacity to do work or cause physical change; energy, strength, or active power.”[25] This dictionary definition would exclude little human activity.
¶ 23. Additionally, we find it would be inappropriate to read Sections 99-19-83 in pari materia with Sections 47 — 7—3(l)(h) and 99-15-107, Mississippi’s parole-eligibility and intervention-program statutes. When the Legislature enacts multiple statutes in pari materia — that is, upon the same subject — this Court generally will read the statutes together to interpret them harmoniously.[26]
¶ 24. But the pretrial-intervention and parole-eligibility statutes are unrelated to Section 99-19-83, which addresses habitual-offender status. And we have declined to apply statutes in pari materia, even when they involve similar statutory schemes, but regulate separate areas within the criminal-justice system.[27] For instance, in James v. State, we declined to read two statutes in pari materia where one statute limited the carrying of concealed weapons and the other the possession of firearms by convicted felons.[28] And the intervention-program statutes and the parole-eligibility statutes do not even use the same list of crimes when defining what constitutes a “crime of violence.”
¶ 25. We are not — as the dissent suggests — grafting an exception to the in pari materia rule of construction; we instead are following precedent. The statutes cited by the dissent are not in pari mate-ria — as explained in James v. State. And the cases the dissent cites do not suggest otherwise.[29]
*1093 ¶ 26. In Roberts v. Mississippi Republican Party State Executive Committee, for example, this Court compared Mississippi Code Section 25-61-7 with Section 45-1-21, as both sections prescribed the amount a public body could recover for furnishing records.[30] Because both statutes applied to the department from which the records were sought, and because the statutes — most importantly — prescribed the same action, this Court appropriately construed the statutes together. Here, however, only Section 99-19-83 applies to Brown; and only Section 99-19-83 involves habitual-offender sentencing.
¶ 27. We must reject the dissent’s view, which leads to an absurd result: that every crime that involves, or potentially involves, force — no matter how slight — necessarily constitutes a crime of violence for purposes of Section 99-19-83.[31] As discussed earlier, McLamb v. State already determined this definition insufficient. Instead, we apply the longstanding principle which requires us to construe penal statutes strictly against the State, and in favor of the accused. We therefore reverse and remand for sentencing consistent with this opinion.
CONCLUSION
¶ 28. Burglary of a dwelling is not per se a crime of violence for purposes of habitual-offender status under Section 99-19-83. In the absence of a legislative definition of “crime of violence” under Section 99-19-83, the State must present some proof that the crime involved violence. The State presented no evidence that Brown’s burglary involved any violence. We therefore reverse the COA’s decision, affirm the conviction of felony escape, vacate the sentence rendered by the Harrison County Circuit Court, and remand to the trial court for sentencing consistent with this opinion.
¶ 29. THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF FELONY ESCAPE IS AFFIRMED. THE SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE IS VACATED. THE CASE IS REMANDED TO THE HARRISON COUNTY CIRCUIT COURT FOR RESENTENCING.
CARLSON, P.J., LAMAR, KITCHENS AND KING, JJ„ CONCUR. RANDOLPH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND PIERCE, JJ. WALLER, C.J., NOT PARTICIPATING.

. Miss.Code Ann. § 99-19-81 (Rev.2007).

. Miss.Code Ann. § 99-19-83 (Rev.2007) (emphasis added).

. Brown v. State, 102 So.3d 1130 (Miss.Ct.App. Mar.27, 2012).

. Tipton v. State, 41 So.3d 679, 682 (Miss.2010) (quoting Arceo v. Tolliver, 19 So.3d 67, 70 (Miss.2009)).

. City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss.1992).

. See, e.g., Coleman v. State, 947 So.2d 878, 881 (Miss.2006); Watts v. State, 733 So.2d 214, 240 (Miss.1999); McLamb v. State, 456 So.2d 743, 745 (Miss.1984); State v. Russell, 358 So.2d 409 (Miss.1978); Carter v. State, 334 So.2d 376 (Miss.1976); Terry v. State, 172 Miss. 303, 160 So. 574, 574 (1935).

. Dunn v. United States, 442 U.S. 100, 112, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979) (citations omitted).

. McLamb v. State, 456 So.2d 743, 745 (Miss.1984).

. Id. at 746.

. Miss.Code Ann. § 99-19-83 (Rev.2007) (emphasis added).

. Miss.Code Ann. § 97-17-19 (1996) (emphasis added), repealed by Laws 1996, Ch. 519, § 2 (Apr. 11, 1996).

. See Robinson v. State, 364 So.2d 1131, 1133 (Miss.1978).

. Miss.Code Ann. § 99-15-107 (Rev.2011).

. Miss.Code Ann. § 47-7-3(l)(h) (Rev.2011).

. Gilbert v. State, 48 So.3d 516, 524-25 (Miss.2010).

. King v. State, 527 So.2d 641, 646 (Miss.1988).

. Magee v. State, 542 So.2d 228, 235 (Miss.1989).

. Ashley v. State, 538 So.2d 1181, 1184-85 (Miss.1989).

. Hughes v. State, 892 So.2d 203, 211 (Miss.2004).

. Bumphis v. State, 405 So.2d 116, 118 (Miss.1981).

. Brown, 102 So.3d at 1144 (Roberts, J., dissenting).

. Miss.Code Ann. § 97-3-73 (Rev.2006).

. See Black’s Law Dictionary 1705 (9th ed.2009).

. Dis. Op. ¶ 37.

. The American Heritage Dictionary of the English Language 686 (4th ed.2000) (emphasis added).

. Leasy v. Zollicoffer, 389 So.2d 1378, 1380 (Miss.1980).

. James v. State, 731 So.2d 1135, 1137-38 (Miss.1999).

. Id. at 1138.

. Dis. Op. ¶ 3.

. Roberts v. Miss. Republican Party State Executive Comm., 465 So.2d 1050, 1052 (Miss.1985).

. E.g., Anderson v. State Farm Mut. Auto. Ins. Co., 555 So.2d 733, 735 (Miss.1990); Miss. Ins. Guar. Ass’n v. Gandy, 289 So.2d 677, 682 (Miss.1973).