# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01229-COA

**DENNIS TYRELL MILLER A/K/A DENNIS MILLER**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/10/2015 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDMUND J. PHILLIPS JR. |
| | JAMES EDWIN SMITH III |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF MANSLAUGHTER AND SENTENCED AS A VIOLENT HABITUAL OFFENDER TO LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR ANY SUSPENSION OR REDUCTION OF SENTENCE |
| DISPOSITION: | AFFIRMED - 05/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, J., FOR THE COURT:**

¶1.     On August 22, 2014, Dennis Tyrell Miller killed his girlfriend, Jarita Monique Green, during an argument in their apartment. A Neshoba County grand jury indicted him for deliberate design murder. A jury trial was held on July 6, 2015. Miller argued self-defense, but the jury found him guilty of manslaughter. At sentencing, the State established that

Miller had prior felony convictions for burglary of a dwelling, burglary of a building, and the sale of cocaine. Miller was then sentenced as a violent habitual offender to life imprisonment without eligibility for parole or probation or any reduction or suspension of the sentence. *See* Miss. Code Ann. § 99-19-83 (Rev. 2015).

¶2. On appeal, Miller raises only one issue. He argues that his sentence as a violent habitual offender should be vacated because prior to July 1, 2014, burglary of a dwelling was not considered a "per se 'crime of violence' under Section 99-19-83." *Brown v. State*, 102 So. 3d 1087, 1092 (¶21) (Miss. 2012). Prior to July 1, 2014, burglary of a dwelling qualified as a "crime of violence" only if there was "proof of an actual act of violence during the commission of the burglary." *Id.* However, effective July 1, 2014, the Legislature enacted Mississippi Code Annotated section 97-3-2 (Rev. 2014), which expressly defines burglary of a dwelling, among other crimes, as a per se crime of violence. Miller killed Green *after* section 97-3-2 was enacted; therefore, he was properly sentenced for his present offense of manslaughter as a violent habitual offender.

¶3. In his reply brief on appeal, Miller asserts that his sentence violates the Ex Post Facto Clauses of the United States Constitution and Mississippi Constitution. U.S. Const. art. I, § 9, cl. 3 & § 10, cl. 1; Miss. Const. art. 3, § 16. However, as we explain below, this argument is without merit. Miller's enhanced sentence "is a stiffened penalty *for [his] latest crime*, which is considered to be an aggravated offense because a repetitive one." *Smith v. State*, 465 So. 2d 999, 1003 (Miss. 1985) (emphasis added) (quoting *Branning v. State*, 224

2

So. 2d 579, 580-81 (Miss. 1969)). It is *not* an "ex post facto" punishment for his prior burglary. Miller committed his latest crime of manslaughter *after* July 1, 2014; therefore, his enhanced sentence for that offense is valid and constitutional. Accordingly, we affirm.

## DISCUSSION

### I. Waiver

¶4. In the trial court, Miller made no argument that section 97-3-2's definition of crimes of violence did not apply to his prior conviction for burglary of a dwelling. Rather, at his sentencing hearing, counsel for Miller made a confusing argument that Miller's prior conviction for burglary of a dwelling did not fit section 97-3-2's definition, even though that provision states that "[b]urglary of a dwelling" "shall be classified as [a] crime[] of violence." Miss. Code Ann. § 97-3-2(1)(o). The circuit court rejected this argument, sentenced Miller as a violent habitual offender, and the hearing ended. Miller made no argument that section 97-3-2 did not apply to his prior conviction, let alone that its application would be unconstitutional. Indeed, at his sentencing hearing, Miller seemingly accepted that section 97-3-2 *did* apply.

¶5. In his opening brief on appeal, Miller asserted for the first time that section 97-3-2 should not apply to his prior conviction for burglary of a dwelling. However, his opening brief still did not mention the Ex Post Facto Clauses of the United States Constitution or Mississippi Constitution or raise any other constitutional issue. The ex post facto issue was first raised in a single paragraph near the end of Miller's reply brief.

3

¶6. Ordinarily, "[a] defendant is procedurally barred from raising an objection on appeal that is different than that raised at trial. A trial judge will not be found in error on a matter not presented to him for decision." *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992) (internal citations omitted). However, we have recognized that "the right to be free from an illegal sentence" and "the right not to be subject to ex post facto laws" are among those "fundamental rights" that, under Mississippi Supreme Court precedent, are excepted from "all procedural bars that apply to [even] . . . petitions" for post-conviction relief. *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015). In addition, the State did not argue that the new issue raised in Miller's opening brief was procedurally barred. Therefore, we will address Miller's arguments on the merits.

## II. Miller's Sentence

¶7. Mississippi Code Annotated section 99-19-83 provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, *as defined by Section 97-3-2*, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

Miss. Code Ann. § 97-3-2 (emphasis added). The emphasized language was among the amendments to the statute that went into effect July 1, 2014. 2014 Miss. Laws ch. 457, § 78

4

(H.B. 585). Prior to July 1, 2014, there was no comprehensive statutory definition of "crime of violence." Section 97-3-2 went into effect on that day. *See id.* § 39.

¶8. The evidence as to Miller's prior convictions is clear. He has prior convictions for the sale of cocaine (1998), burglary of a dwelling (1998), and burglary of a building (1999). Each conviction arose out of a separate incident, and Miller was sentenced to and served more than one year in prison on each conviction. Thus, the only issue is whether burglary of a dwelling is a "crime of violence."

¶9. In 2012, the Mississippi Supreme Court held that burglary of a dwelling was not a "per se 'crime of violence' under Section 99-19-83." *Brown*, 102 So. 3d at 1092 (¶21). *Brown* held that burglary of a dwelling was a "crime of violence" only if there was "proof of an actual act of violence during the commission of the burglary." *Id.* The Court stated: "The Legislature certainly is free to enact a statute that makes burglary of a dwelling a per se crime of violence. But it has not chosen to do so . . . ." *Id.*

¶10. Effective July 1, 2014, as part of House Bill 585, the Legislature did enact a statute making burglary of a dwelling a per se crime of violence. Section 97-3-2 makes clear that "[b]urglary of a dwelling" is among those crimes "classified as crimes of violence." Miss. Code Ann. § 97-3-2(1)(o).

¶11. A little less than two months later, on August 22, 2014, Miller stabbed Green to death during an argument in their apartment. He was convicted of manslaughter, and the circuit court properly sentenced him to life imprisonment as a violent habitual offender under

5

section 99-19-83.

¶12.    Miller's sentence does not violate either the state or federal constitutional prohibition on "ex post facto laws." His "sentence as a . . . habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty *for the latest crime*, which is considered to be an aggravated offense because a repetitive one." *Smith*, 465 So. 2d at 1003 (emphasis added) (quoting *Branning*, 224 So. 2d at 580-81). In *Smith*, our Supreme Court held that the imposition of an enhanced sentence based on predicate felonies committed prior to the enactment of our nonviolent habitual offender statute, Miss. Code Ann. § 99-19-81, did not violate the constitutional prohibition on ex post facto laws. *Id.* The result is the same here. Miller killed Green *after* his prior residential burglary was classified as a per se crime of violence. Therefore, the "stiffened penalty for [his] latest crime" of manslaughter is not unconstitutional. *Id.*; *accord Gryger v. Burke*, 334 U.S. 728, 732 (1948) (upholding a life sentence imposed under Pennsylvania's Habitual Criminal Act that was based in part on a prior conviction that predated the Act's effective date).

¶13.    The dissent asserts that *Smith* is distinguishable because the enactment of section 99-19-81 supposedly did not "aggravate" or "change the nature of" the prior convictions at issue in that case. *Post* at (¶¶27-28). As a matter of substance, this simply is not true. Before section 99-19-81 was enacted, those prior convictions could not have served as a predicate for *any* enhanced sentence. The enactment of section 99-19-81 made those convictions

6

predicate felonies for the first time. In *Smith*, the Supreme Court held that this was permissible and did not violate the Ex Post Facto Clause even though section 99-19-81 was enacted *after* the defendant committed and was convicted of the prior offenses. This was so because the defendant's sentence as a habitual offender was an enhanced punishment for his most recent crime, not an additional penalty for his prior crimes. The same is true in this case.

¶14. The dissent seems to imply that *Smith* is distinguishable because section 99-19-81 did not "deem" prior felonies "crimes of violence," whereas House Bill 585 "deems" burglary of a dwelling a per se "crime of violence." *Post* at (¶27). If that is the dissent's distinction, it is a matter of form, not of substance. The Legislature could fix the supposed constitutional problem by enacting a new section of the Mississippi Code that copied verbatim the language of section 99-19-83 but substituted the words "burglary of a dwelling" for "crime of violence, as defined by Section 97-3-2." That would achieve the exact same result, but it would avoid the alleged constitutional problem of "deeming" burglary of a dwelling a crime of violence. No rule of constitutional law requires the Legislature to engage in such a pointless drafting exercise. Under *Smith*, the law is valid as written and applied to Miller.

¶15. The dissent's "deeming" objection is also inconsistent with federal caselaw. Federal law provides for enhanced sentences for drug offenders with one or more "prior convictions for a felony drug offense." *See* 21 U.S.C. § 841. Prior to September 13, 1994, federal law did not deem a state drug conviction a "felony drug offense" unless it was deemed a felony

7

under state law. *United States v. Glover*, 153 F.3d 749, 757 (D.C. Cir. 1998). On September 13, 1994, Congress amended federal law to provide that any state drug conviction punishable by imprisonment for more than one year would be deemed a "felony drug offense," even if the crime was deemed a misdemeanor under state law. *Id.* This resulted in the "reclassification" of some prior state drug convictions as "felony drug offenses" for purposes of federal law. *Id.* In *Glover*, the defendant argued that "reclassification" of his prior crimes violated the Ex Post Facto Clause. Citing the United States Supreme Court's decision in *Gryger*, the Court of Appeals for the D.C. Circuit rejected his argument. The court explained: "Despite Glover's characterization, the 1994 'reclassification' of his prior crimes did not add a new penalty for those crimes themselves. Like other repeat offender statutes, it did nothing more than prospectively define new, more drastic consequences if Glover committed a further crime[.]" *Id.* at 757-78 ("[T]he circuits uniformly have rejected similar Ex Post Facto attacks on other repeat offender statutes." (collecting cases)). The same reasoning applies here. The "reclassification" (or "deeming") of Miller's prior burglary conviction is not unconstitutional because his enhanced sentence was imposed for the commission of a *new crime* that he committed *after* the reclassification.

¶16. Finally, the dissent adds a nominally separate argument that sentencing Miller as a violent habitual offender amounted to a "retroactive" application of section 97-3-2. This argument fails for the same reasons. As *Smith* held, Miller's sentence is *not* "invalidly retroactive." *Smith*, 465 So. 2d at 1003. His "sentence as a . . . habitual criminal is not to be

8

viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty *for the latest crime*, which is considered to be an aggravated offense because a repetitive one." *Id.* (emphasis added). Miller was convicted and sentenced as a violent habitual offender because he killed Green *after* the law was amended. He was not hauled out of prison and resentenced for a prior conviction. In essence, the Legislature warned Miller and others with prior residential burglary convictions: "If you commit another felony, you will be subject to a sentence of life without the possibility of parole." *See Glover*, 153 F.3d at 758 (Congress's "reclassification" of defendant's prior convictions provided "'fair warning' . . . that he would face stiffer penalties as a repeat offender if he committed another drug-related offense."). Miller failed to heed this warning. *After* the change in the law, he committed manslaughter. His sentence as a violent habitual offender does not result from the retroactive application of any law.

¶17. Miller was properly sentenced as a violent habitual offender based on the law in effect at the time he stabbed Green to death. As the Mississippi Supreme Court held in *Smith*, his sentence is a constitutionally permissible punishment for his most recent crime of manslaughter. Accordingly, we affirm.

¶18. **THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE AS A VIOLENT HABITUAL OFFENDER OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR ANY SUSPENSION OR REDUCTION OF SENTENCE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.**

9

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON AND FAIR, JJ., CONCUR. GREENLEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., ISHEE AND WESTBROOKS, JJ.**

**GREENLEE, J., DISSENTING:**

¶19.    I respectfully dissent.

¶20.    The statute as interpreted applies retroactively to change the nature of a prior conviction. Its application is ex post facto, which is prohibited by provisions of the United States and Mississippi Constitutions. Mississippi is critical of retroactive laws, as shown in Mississippi Code Annotated section 99-19-1 (Rev. 2015), the statute governing retroactivity of criminal laws affecting prosecution or punishment. Also criminal law should be interpreted in the light most critical to the State. I would reverse and remand for resentencing.

¶21.    In the prior conviction at issue, Miller was found guilty of burglary of a dwelling in 1998. The Supreme Court has held that a burglary of a dwelling such as Miller's was not per se violent. *Brown v. State*, 102 So. 3d 1087, 1093 (¶28) (Miss. 2012). *Brown* further held that there must be proof submitted that violence actually occurred for the crime to be later treated as violent. *Id*. *Brown*'s ruling controls Miller's dwelling-burglary conviction. Mississippi Code Annotated section 97-3-2 (Rev. 2014), enacted in 2014, statutorily finds that burglary of a dwelling is per se violent for sentencing purposes for a later criminal act. The circuit court's and the majority's application of section 97-3-2 to Miller's dwelling-burglary conviction, making it a crime of violence, overrides both the absence of proof of violence for conviction and the law at the time of conviction that such was not per se violent.

10

¶22. Ex post facto laws are in violation of both the United States and Mississippi Constitutions.[1] The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995). The standard for determining whether a law violates the Ex Post Facto Clause encompasses those two components: (1) retrospectivity (applying to events occurring before its enactment), and (2) disadvantaging the offender affected by it by either (a) altering the definition of criminal conduct, or (b) increasing the punishment for criminal acts. *Id.*; *see also Lynch v. Mathis*, 519 U.S. 433, 441 (1997).

¶23. There are four generally recognized categories of ex post facto laws: (1) one that makes an act, innocent when done before the passing of the law, criminal; (2) one that aggravates a crime, or makes it greater than it was when committed; (3) one that changes the punishment, inflicting greater punishment than prescribed to the crime when committed; and (4) one that alters the legal rules of evidence, lowering the evidentiary requirements than the law required at the time of the commission of the crime in order to convict. *Carmell v. Texas*, 529 U.S. 513, 522 (2000) (citing *Calder v. Bull*, 3 U.S. 386, 390 (1798)). The fourth category encompasses laws that lower the burden of proof. *Id.* at 540.

¶24. Mississippi Code Annotated section 97-3-2, codified in 2014, defines burglary of a dwelling as a violent crime. Prior to that statute's enactment, burglary of a dwelling was not

---

[1] Article I, section 9, clause 3 of the United States Constitution prohibits ex post facto laws. Article I, section 10, clause 1 of the U.S. Constitution prohibits a state from passing ex post facto laws. Article 3, section 16 of the Mississippi Constitution also prohibits ex post facto laws.

treated or considered automatically a crime of violence. The enactment of section 97-3-2 allowed that Miller be sentenced to a mandatory life sentence instead of the maximum forty years for which he otherwise qualified.

¶25. The majority holds that the instant crime occurred after the sentencing enhancement under section 97-3-2 became effective. Thus, it holds it does not matter that Miller's dwelling burglary occurred approximately sixteen years prior to section 97-3-2's becoming effective.

¶26. However, Miller's dwelling burglary was not found violent when he was convicted, but when applying section 97-3-2, it is now considered violent. Applying section 97-3-2 to Miller's dwelling burglary would make it a greater crime than when committed. It deems a finding of fact that the fact-finder did not find, violence. Thus, applying section 97-3-2 to Miller's 1998 dwelling burglary would be an impermissible ex post fact law as applied to him. Additionally, *Brown*, 102 So. 3d at 1093 (¶28), held that violence must be proven to have actually occurred for a dwelling burglary to be considered violent for sentencing purposes, as in Miller's 1998 dwelling-burglary conviction. So at the time of its commission, violence needed to actually be proven for it to be considered a violent crime for sentencing purposes. Section 97-3-2, as applied by the circuit court and the majority, dispenses with the requirement of actually proving that violence occurred. Thus, less is now required for the finding of violence than was previously required, negating the evidentiary proof of violence and deeming violence when, sixteen years prior, violence was required to be proven. Such is an ex post facto application of the law.

¶27.  The majority relies on *Smith v. State*, 465 So. 2d 999 (Miss. 1985), which is distinguishable. Enactment of section 99-19-81 allowed for sentencing enhancements (the statute at issue in *Smith*). That statute did not deem any additional elements or ingredients into Smith's prior offenses which were not previously found. Before its enactment, Smith had two nonviolent felony convictions. After its enactment, Smith had two nonviolent felony convictions. Section 99-19-81 just allowed a sentencing enhancement to a current crime on the basis of prior convictions. Here, prior to section 97-3-2, Miller was convicted of three nonviolent felony convictions. Through section 97-3-2, the circuit court and the majority find Miller still has two nonviolent felony convictions and now one *violent* felony conviction. That application of the statute retroactively finds a fact, an aggravating one, in Miller's prior conviction that was not there before. That is ex post facto. The majority also references *Gryger v. Burke*, 334 U.S. 728, 732 (1948), but it is distinguishable under the same reasoning.

¶28.  The majority says that the constitutional problem posed by section 99-19-83's construction coupled with section 97-3-2's retroactive application could be fixed by just amending section 99-19-83 to substitute "burglary of a dwelling" for "crime of violence as defined by [s]ection 97-3-2." I agree. Doing so would not be the Legislature deeming that violence occurred, just defining another aggravating factor. It does not change the nature of a prior crime, a fact that alters the legally prescribed sentence for Miller's instant conviction. As written the statute legislatively deems an aggravating fact into Miller's predicate

13

conviction of burglary of a dwelling.

¶29.     The majority also cites to *United States v. Glover*, 153 F.3d 749, 757 (D.C. Cir. 1998),

in support of its position. *Glover*'s analysis is sound, but it is also distinguishable. In *Glover*,

Congress amended the pertinent statute to define felony drug convictions as those that are

punishable by more than one year's imprisonment. All of Glover's prior convictions were

punishable by more than one year's imprisonment. That federal statute did not declare certain

elements or ingredients to exist in Glover's prior convictions that were not previously found

to have occurred.

¶30.     Mississippi is skeptical of retroactivity. Our Supreme Court has held that "[a] statute

will not be construed to be retroactive unless the words admit of no other construction or

meaning, and there is a plain declaration in the act that it is." *Fisher v. Drankus*, 204 So. 3d

1232, 1236 (¶13) (Miss. 2016). A statute also restricts the State from retroactively applying

amendments to criminal statutes:

> No statutory change of any law affecting a crime or its punishment or the
> collection of a penalty shall affect or defeat the prosecution of any crime
> committed prior to its enactment, or the collection of any penalty, whether
> such prosecution be instituted before or after such enactment; and all laws
> defining a crime or prescribing its punishment, or for the imposition of
> penalties, shall be continued in operation for the purpose of providing
> punishment for crimes committed under them, and for collection of such
> penalties, notwithstanding amendatory or repealing statutes, unless otherwise
> specially provided in such statutes.

Miss. Code Ann. § 99-19-1 (Rev. 2015). The Supreme Court has interpreted section 99-19-1

as follows:

> This statute is a saving clause for every statute enacted which makes "a change of any law affecting a crime or its punishment" unless otherwise provided in the statute making the change. Under the above statute, any crime committed prior to the enactment of any law making a change is prosecuted under the law as it stood before the change was made, and *no person charged with a crime committed before the change was made is affected in any way*. The effect of the above statute is to write into every law "affecting a crime or its punishment" a saving clause as effectually as if the changed statute itself contained it.

*Britton v. State*, 101 Miss. 584, 58 So. 530, 531 (1912) (emphasis added). Section 97-3-2, at issue here, makes a change of law affecting a crime. Thus, Miller is not to be "affected in any way" by section 97-3-2 because the "crime was committed before the change was made." *Id*. This Court has also held that section 97-3-2 does not apply retroactively. *See Johnston v. State*, 2016-CP-00282-COA, 2017 WL 1238176, at *2 (¶9) (Miss. Ct. App. Apr. 4, 2017).

¶31.   I also note that, though not raised by Miller, section 97-3-2 as applied herein appears to flirt with Sixth Amendment concerns under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."), and its progeny. *See also  Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013)*; United States v. Booker*, 543 U.S. 220, 244 (2005)*; Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). Under the application of section 97-3-2 here, the prior conviction has been deemed to include a new fact not found by the jury that increases the penalty for the crime beyond the otherwise prescribed statutory maximum.

¶32.   For these reasons, I would reverse and remand so that Miller may be sentenced under

15

section 99-19-81 as applied to him. I respectfully dissent.

**IRVING, P.J., ISHEE AND WESTBROOKS, JJ., JOIN THIS OPINION.**