WILSON, J.,
FOR THE COURT:
¶ 1. On August 22, 2014, Dennis Tyrell Miller killed his girlfriend, Jarita Monique Green, during an argument in their apartment. A Neshoba County grand jury indicted him for deliberate design murder. A jury trial was held on July 6, 2015. Miller argued self-defense, but the jury found him guilty of manslaughter. At sentencing, the State established that Miller had prior felony convictions for burglary of a dwelling, burglary of a building, and the sale of cocaine. Miller was then sentenced as .a *13 violent habitual offender to life imprisonment -without eligibility for parole or probation or any reduction or suspension of the sentence. See Miss. Code Ann. § 99-19-83 (Rev. 2015).
¶2. On appeal, Miller raises only one issue. He argues that his sentence as a violent habitual offender should be vacated because prior to July 1, 2014, burglary of a dwelling was not considered a “per se ‘crime of violence’ under Section 99-19-83.” Brown v. State, 102 So.3d 1087, 1092 (¶ 21) (Miss. 2012). Prior to July 1, 2014, burglary of a dwelling qualified as a “crime of violence” only if there was “proof of an actual act of violence during the commission of the burglary.” Id. However, effective July 1, 2014, the Legislature enacted Mississippi Code Annotated section 97-3-2 (Rev. 2014), which expressly defines burglary of a dwelling, among other crimes, as a per se crime of violence. Miller killed Green after section 97-3-2 was enacted; therefore, he was properly sentenced for his present offense of manslaughter as a violent habitual offender.
¶ 3. In his reply brief on appeal, Miller asserts that his sentence violates the Ex Post Facto Clauses of the United States Constitution and Mississippi Constitution. U.S. Const. art. I, § 9, cl. 3 & § 10, cl. 1; Miss. Const. art. 3, § 16. However, as we explain below, this argument is without merit. Miller’s enhanced sentence “is a stiffened penalty for [his] latest crime, which is considered to be an aggravated offense because a repetitive one.” Smith v. State, 465 So.2d 999, 1003 (Miss. 1985) (emphasis added) (quoting Branning v. State, 224 So.2d 579, 580-81 (Miss. 1969)). It is not an “ex post facto” punishment for his prior burglary. Miller committed his latest crime of manslaughter after July 1, 2014; therefore, his enhanced sentence for that offense is valid and constitutional. Accordingly, we affirm.
DISCUSSION
I. Waiver
¶ 4. In the trial court, Miller made no argument that section 97-3-2’s definition of crimes of violence did not apply to his prior conviction for burglary of a dwelling. Rather, at his.sentencing hearing, counsel for Miller made a confusing argument that Miller’s prior conviction for burglary of a dwelling did not fit section 97-3-2’s definition, even though that provision states that “[bjurglary of a dwelling” “shall be classified as [a] crime[ ] of violence.” Miss. Code Ann. § 97-3-2(1)(o). The circuit court rejected this argument, sentenced Miller as a violent habitual offender, and the hearing ended. Miller made no argument that section 97-3-2 did not apply to his prior conviction, let alone that its application would be, unconstitutional.. Indeed, at his sentencing hearing, Miller seemingly accepted that section 97-3-2 did apply.
¶ 5. In his opening brief on appeal, Miller asserted for the first time that section 97-3-2 should not apply to his prior conviction for burglary of a dwelling. However, his opening brief still did not mention the Ex Post Facto Clauses of the United States Constitution or Mississippi Constitution or raise any other constitutional issue. The ex post facto issue was first raised in a single paragraph near the end of Miller’s reply brief.
¶ 6. Ordinarily, “[a] defendant is procedurally barred from raising an objection on appeal that is different than that raised at trial. A trial judge will not be found in error on a matter not presented to him for decision.” Jones v. State, 606 So.2d 1051, 1058 (Miss. 1992) (internal citations omitted). However, we have recognized that “the right to be free from an illegal sentence” and “the right not to be subject to ex post -facto laws” are among *14 those “fundamental rights” that, under Mississippi Supreme Court precedent, are excepted from “all procedural bars that apply to [even] ... petitions” for post-conviction relief. Salter v. State, 184 So.3d 944, 950 (¶ 22) (Miss. Ct. App. 2015). In addition, the State did not argue that the new issue raised in Miller’s opening brief was procedurally barred. Therefore, we will address Miller’s arguments on the merits.
II. Miller’s Sentence
¶ 7. Mississippi Code Annotated section 99-19-83 provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.
Miss. Code Ann. § 97-3-2 (emphasis added). The emphasized language was among the amendments to the statute that went into effect July 1, 2014. 2014 Miss. Laws ch. 457, § 78 (H.B. 585). Prior to July 1, 2014, there was no comprehensive statutory definition of “crime of violence.” Section 97-3-2 went into effect on that day. See id. § 39.
¶ 8. The evidence as to Miller’s prior convictions is clear. He has prior convictions for the sale of cocaine (1998), burglary of a dwelling (1998), and burglary of a building (1999). Each conviction arose out of a separate incident, and Miller was sentenced to and served more than one year in prison on each conviction. Thus, the only issue is whether burglary of a dwelling is a “crime of violence.”
¶ 9. In 2012, the Mississippi Supreme Court held that burglary of a dwelling was not a “per se ‘crime of violence’ under Section 99-19-83.” Brown, 102 So.3d at 1092 (¶ 21). Brown held that burglary of a dwelling was a “crime of violence” only if there was “proof of an actual act of violence during the commission of the burglary.” Id. The Court stated: “The Legislature certainly is free to enact a statute that makes burglary of a dwelling a per se crime of violence. But it has not chosen to do so .... ” Id.
¶ 10. Effective July 1, 2014, as part of House Bill 585, the Legislature did enact a statute making burglary of a dwelling a per se crime of violence. Section 97-3-2 makes clear that “[b]urglary of a dwelling” is among those crimes “classified as crimes of violence.” Miss. Code Ann. § 97-3-2(1)(o).
¶ 11. A little less than two months later, on August 22, 2014, Miller stabbed Green to death during an argument in their apartment. He was convicted of manslaughter, and the circuit court properly sentenced him to life imprisonment as a violent habitual offender under section 99-19-83.
¶ 12. Miller’s sentence does not violate either the state or federal constitutional prohibition on “ex post facto laws.” His “sentence as a ... habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated *15 offense because a repetitive one.” Smith, 465 So.2d at 1003 (emphasis added) (quoting Branning, 224 So.2d at 580-81). In Smith, our Supreme Court held that the imposition of an enhanced sentence based on predicate felonies committed prior to the enactment of our nonviolent habitual offender statute, Miss. Code Ann. § 99-19-81, did not violate the constitutional prohibition on ex post facto laws. Id. The result is the same here. Miller killed Green after his prior residential burglary was classified as a per se crime of violence. Therefore, the “stiffened penalty for [his] latest crime” of manslaughter is not unconstitutional. Id.; accord Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948) (upholding a life sentence imposed under Pennsylvania’s Habitual Criminal Act that was based in part on a prior conviction that predated the Act’s effective date).
¶ 13. The dissent asserts that Smith is distinguishable because the enactment of section 99-19-81 supposedly did not “aggravate” or “change the nature of’ the prior convictions at issue in that case. Post at (¶¶ 27-28). As a matter of substance, this simply is not true. Before section 99-19-81 was enacted, those prior convictions could not have served as a predicate for any enhanced sentence. The enactment of section 99-19-81 made those convictions predicate felonies for the first time. In Smith, the Supreme Court held that this was permissible and did not violate the Ex Post Facto Clause even though section 99-19-81 was enacted after the defendant committed and was convicted of the prior offenses. This was so because the defendant’s sentence as a habitual offender was an enhanced punishment for his most recent crime, not an additional penalty for his prior crimes. The same is true in this case.
¶ 14. The dissent seems to imply that Smith is distinguishable because section 99-19-81 did not “deem” prior felonies “crimes of violence,” whereas House Bill 585 “deems” burglary of a dwelling a per se “crime of violence.” Post at (¶ 27). If that is the dissent’s distinction, it is a matter of form, not of substance. The Legislature could fix the supposed constitutional problem by enacting a new section of the Mississippi Code that copied verbatim the language of section 99-19-83 but substituted the words “burglary of a dwelling” for “crime of violence, as defined by Section 97-3-2.” That would achieve the exact same result, but it would avoid the alleged constitutional problem of “deeming” burglary of a dwelling a crime of violence. No rule of constitutional law requires the Legislature to engage in such a pointless drafting exercise. Under Smith, the law is valid as written and applied to Miller.
¶ 15. The dissent’s “deeming” objection is also inconsistent with federal caselaw. Federal law provides for enhanced sentences for drug offenders with one or more “prior convictions for a felony drug offense.” See 21 U.S.C. § 841. Prior to September 13, 1994, federal law did not deem a state drug conviction a “felony drug offense” unless it was deemed a felony under state law. United States v. Glover, 153 F.3d 749, 757 (D.C. Cir. 1998). On September 13, 1994, Congress amended federal law to provide that any state drug conviction punishable by imprisonment for more than one year would be deemed a “felony drug offense,” even if the crime was deemed a misdemeanor under state law. Id. This resulted in the “reclassification” of some prior state drug convictions as “felony drug offenses” for purposes of federal law. Id. In Glover, the defendant argued that “reclassification” of his prior crimes violated the Ex Post Facto Clause. Citing the United States Supreme Court’s deci *16 sion in Gryger, the Court of Appeals for the D.C. Circuit rejected his argument. The court explained: “Despite Glover’s characterization, the 1994 ‘reclassification’ of his prior crimes did not add a new penalty for those crimes themselves. Like other repeat offender statutes, it did nothing more than prospectively define new, more drastic consequences if. Glover committed a further crime[.]” Id. at 757-78 (“[T]he circuits uniformly have rejected similar Ex Post Facto attacks on other repeat offender statutes.” . (collecting cases)). The same reasoning applies here. The “reclassification” (or “deeming”) of Miller’s prior burglary conviction is-not unconstitutional because his enhanced sentence was imposed for the commission of a new crime that he committed after the reclassification.
¶ 16. Finally, the dissent adds a nominally separate argument that sentencing Miller as a violent habitual offender amounted to a “retroactive” application of section 97-3-2. This argument fails for the same rea-: sons. As Smith held, Miller’s sentence is not “invalidly retroactive.” Smith, 465 So.2d at 1003. His “sentence as a ... habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.” Id. (emphasis added). Miller was convicted and sentenced as a violent habitual offender because he killed Green after the law was amended. He was not hauled out of prison and resen-tenced for a prior conviction. In essence, the Legislature warned Miller and others with prior residential burglary convictions: “If you commit another felony, you will he subject to a sentence of life without the possibility of parole.” See Glover, 153 F.3d at 758 (Congress’s “reclassification” of defendant’s prior convictions provided “ ‘fair warning ... that he would face, stiffen penalties as a repeat offender if he committed ..another drug-related, offense,”). Miller failed - to heed this warning. After the change in the law, he committed manslaughter. His sentence as a violent habitual offender does not result from the retroactive, application of any law.
¶ 17. Miller was properly sentenced as a violent.habitual offender based on the law in effect at the time he stabbed Green to death. As the Mississippi Supreme Court held in Smith, his sentence is a constitutionally permissible punishment for his most recent crime of manslaughter.. Accordingly, we affirm.
¶ 18. THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT OF CONVICTION OF MANSLAUGHTER AND SENTENCE AS A VIOLENT HABITUAL OFFENDER OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR ANY SUSPENSION OR REDUCTION OF SENTENCE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ÁRE ASSESSED TO NESHOBA COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON AND FAIR, JJ., CONCUR.
GREENLEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., ISHEE AND WESTBROOKS, JJ.