GREENLEE, J.,
DISSENTING:
¶ 19.1 respectfully dissent.
¶20. The statute as interpreted applies retroactively to change the nature of a prior conviction. Its application is ex post facto, which is prohibited by provisions of the United States and Mississippi Constitutions. Mississippi is critical of retroactive laws, as shown in Mississippi Code Anno *17 tated section 99-19-1 (Rev. 2015), the statute governing retroactivity of criminal laws affecting prosecution or punishment. Also criminal law should be interpreted in the light most critical to the State. I would reverse and remand for resentencing.
¶21. In the prior conviction at issue, Miller was found guilty of burglary of a dwelling in 1998. The Supreme Court has held that a burglary of a dwelling such as Miller’s was not per se violent. Brown v. State, 102 So.3d 1087, 1093 (¶ 28) (Miss. 2012). Brown further held that there must be proof submitted that violence actually occurred for the crime to be later treated as violent. Id. Brown’s, ruling controls Miller’s dwelling-burglary conviction. Mississippi Code Annotated section 97-3-2 (Rev. 2014), enacted in 2014, statutorily finds that burglary of a dwelling is per se violent for sentencing purposes for a later criminal act. The circuit court’s and the majority’s application of section 97-3-2 to Miller’s dwelling-burglary conviction, making it a crime of violence, overrides both the absence of proof of violence for conviction and the law at the time of conviction that such was not per' se violent.
¶ 22. Ex post facto laws are in violation of both the United States and Mississippi Constitutions.[1] The Ex Post Facto Clause “is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts.” Cal. Dep’t of Corrs. v. Morales, 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). The standard for determining whether a law violates the Ex Post Facto Clause encompasses those two components: (1) retro-spectivity (applying to events occurring before its enactment), and (2) disadvantaging the offender affected by it by either (a) altering the definition of criminal conduct, or (b) increasing the punishment for criminal acts. Id.; see also Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997).
¶ 23. There are four generally recognized categories of ex post facto laws: (1) one that makes an act, innocent when done before the passing of the law, criminal; (2) one that aggravates a crime, or makes it greater than it was when committed; (3) one that changes the punishment, inflicting greater punishment than prescribed to the crime when committed; and (4) one that alters the legal rules of evidence, lowering the evidentiary requirements than the law required at the time of the commission of the crime in order to convict. Carmell v. Texas, 529 U.S. 513, 522, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000) (citing Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798)). The fourth category encompasses laws that lower the burden of proof. Id. at 540, 120 S.Ct. 1620.
¶ 24. Mississippi Code Annotated section 97-3-2, codified in 2014, defines burglary of a dwelling as a violent crime. Prior to that statute’s enactment, -burglary of a dwelling was not treated or considered automatically a crime of violence: The enactment of section 97-3-2 allowed that Miller be sentenced to a mandatory life sentence instead of the maximum forty years for which he otherwise qualified.
¶ 25. The majority holds that the instant crime occurred after the sentencing enhancement under section 97-3-2 became effective. Thus, it holds it does not matter that Miller’s dwelling burglary occurred approximately sixteen years prior to section 97-3-2’s becoming effective.
*18 ¶ 26. However, Miller’s dwelling burglary was not found violent when he was convicted, but when applying section 97-3-2, it is now considered violent. Applying section 97-3-2 to Miller’s dwelling burglary would make it a greater crime than when committed. It deems a finding of fact that the fact-finder did not find, violence. Thus, applying section 97-3-2 to Miller’s 1998 dwelling burglary would be an impermissible ex post fact law as applied to him. Additionally, Brown, 102 So.3d at 1093 (¶ 28), held that violence must be proven to have actually occurred for a dwelling burglary to be considered violent for sentencing purposes, as in Miller’s 1998 dwelling-burglary conviction. So at the time of its commission, violence needed to actually be proven for it to be considered a violent crime for sentencing purposes. Section 97-3-2, as applied by the circuit court and the majority, dispenses with the requirement of actually proving that violence occurred. Thus, less is now required for the finding of violence than was previously required, negating the evidentiary proof of violence and deeming violence when, sixteen years prior, violence was required to be proven. Such is an ex post facto application of the law.
¶27. The majority relies on Smith v. State, 465 So.2d 999 (Miss. 1985), which is distinguishable. Enactment of section 99-19-81 allowed for sentencing enhancements (the statute at issue in Smith). That statute did not deem any additional elements or ingredients into Smith’s prior offenses which were not previously found. Before its enactment, Smith had two nonviolent felony convictions. After its enactment, Smith had two nonviolent felony convictions. Section 99-19-81 just allowed a sentencing enhancement to a current crime on the basis of prior convictions. Here, prior to section 97-3-2, Miller was convicted of three nonviolent felony convictions. Through section 97-3-2, the circuit court and the majority find Miller still has two nonviolent felony convictions and now one violent felony conviction. That application of the statute retroactively finds a fact, an aggravating one, in Miller’s prior conviction that was not there before. That is ex post facto. The majority also references Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), but it is distinguishable under the same reasoning.
¶ 28. The majority says that the constitutional problem posed by section 99-19-83’s construction coupled with section 97-3-2’s retroactive application could be fixed by just amending section 99-19-83 to substitute “burglary of a dwelling” for “crime of violence as defined by [sjection 97-3-2.” I agree. Doing so would not be the Legislature deeming that violence occurred, just defining another aggravating factor. It does not change the nature of a prior crime, a fact that alters the legally prescribed sentence for Miller’s instant conviction. As written the statute legislatively deems an aggravating fact into Miller’s predicate conviction of burglary of a dwelling.
¶ 29. The majority also cites to United States v. Glover, 153 F.3d 749, 757 (D.C. Cir. 1998), in support of its position. Glover’s analysis is sound, but it is also distinguishable. In Glover, Congress amended the pertinent statute to define felony drug convictions as those that are punishable by more than one year’s imprisonment. All of Glover’s prior convictions were punishable by more than one year’s imprisonment. That federal statute did not declare certain elements or ingredients to exist in Glover’s prior convictions that were not previously found to have occurred.
¶ 30. Mississippi is skeptical of retroac-tivity. Our Supreme Court has held that “[a] statute will not be construed to be *19 retroactive unless the words admit of no other construction or meaning, and there is a plain declaration in the act that it is.” Fisher v. Drankus, 204 So.3d 1232, 1236 (¶ 13) (Miss. 2016). A statute also restricts the State from retroactively applying amendments to criminal statutes:
No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.
Miss. Code Ann. § 99-19-1 (Rev. 2015). The Supreme Court has interpreted section 99-19-1 as follows:
This statute is a saving clause for every statute enacted which makes “a change of any law affecting á crime or its punishment” unless otherwise provided in the statute making the change. Under the above statute, any crime committed prior to the enactment of any law making a change is prosecuted under the.law as it stood before the change was made, and no person charged tvith a crime committed before the change was made is affected in any way. The effect of the above statute is to write into every law “affecting a crime or its punishment” a saving clause as effectually as if' the changed statute itself contained it.
Britton v. State, 101 Miss. 584, 58 So. 530, 531 (1912) (emphasis added). Section 97-3-2, at issue here, makes a change of law affecting a crime. Thus, Miller is not to be “affected in any way” by section 97-3-2 because the “crime was committed before the change was made.” Id. This Court has also held that section 97-3-2 does not apply retroactively. See Johnston v. State, 2016-CP-00282-COA, 214 So.3d 317, 318, 2017 WL 1238176, at *2 (¶ 9) (Miss. Ct. App. Apr. 4, 2017).
¶ 31. I also note that, though not raised by Miller, section 97-3-2 as applied herein appears to flirt with Sixth Amendment concerns under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (“[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.”), and its progeny. See also Alleyne v. United States, 570 U.S. 99, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013); United States v. Booker, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d,621 (2005); Blakely v. Washington, 542 U.S. 296, 303-04, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Under the application of section 97-3-2 here, the prior conviction has been deemed to include a new fact not found by the jury that increases the penalty for the crime beyond the otherwise prescribed statutory maximum.
¶ 32. For these reasons, I would reverse and remand so that Miller may be sentenced under section 99-19-81 as applied to him. I respectfully dissent.
IRVING, P.J., ISHEE AND WESTBROOKS, JJ., JOIN THIS OPINION.

. Article I, section 9, clause 3 of the United States Constitution prohibits ex post facto laws. Article I, section 10, clause 1 of the U.S. Constitution prohibits a state from passing ex post facto laws. Article 3, section 16 of the Mississippi Constitution also prohibits ex post facto laws.